O

JS-6

cc: order, docket, remand letter
to Los Angeles Superior Court,
Compton, No. 12 Q 0415

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR THE REGISTERED HOLDERS OF SAXON ASSET SECURITIES TRUST 2007-3 MORTGAGE LOAN ASSET BACKED CERTIFICATES SERIES 2007-3, , <br><br> Plaintiff, <br><br> v. <br><br> ANGELINA M. GATEWOOD, and Does 1–5, inclusive, <br><br> Defendants. | Case No. 2:12-cv-05251-ODW (VBK) <br><br> **ORDER REMANDING CASE TO LOS ANGELES SUPERIOR COURT** |

The Court is in receipt of Defendant Angelina M. Gatewood's Notice of Removal. Having carefully considered the papers filed in conjunction with the Notice, however, the Court determines that it lacks subject matter jurisdiction over this case. Accordingly, the case is hereby **REMANDED** to Los Angeles Superior Court.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See, e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had

original jurisdiction over the suit.  28 U.S.C. § 1441(a).  A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction.  28 U.S.C. § 1447(c).

The party seeking removal bears the burden of establishing federal jurisdiction.  *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).  Here, Defendant claims that this Court has subject matter jurisdiction over this state-law unlawful detainer action under federal question jurisdiction, 28 U.S.C. § 1331.  (Notice of Removal 2.)

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  "Thus, the plaintiff is the master of his complaint and may avoid federal jurisdiction by relying exclusively on state law.  It is settled law that a case may not be removed to federal court on the basis of a federal defense . . . ."  *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1042–43 (9th Cir. 2009) (citations omitted) (internal quotation marks omitted); *see also Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Tru*st, 463 U.S. 1, 10 (1983) (an actual or anticipated federal defense is not sufficient to confer jurisdiction).

A case removed from state court should be remanded if it appears that it was removed improvidently.  28 U.S.C. § 1447(c).  "Because the 'removal statutes are strictly construed against removal,' doubts about removal must be resolved in favor of remand."  *Dodd v. John Hancock Mut. Life Ins. Co.,* 688 F. Supp. 564, 566 (E.D. Cal. 1988) (quoting *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992).

With regards to Defendant's argument that the Court has jurisdiction over this case pursuant to § 1331, "because this is an unlawful detainer action, a federal question does not present itself."  *Aurora Loan Servs. v. De La Rosa*, No. 11-912, 2011 U.S. Dist. LEXIS 69217, at *3 (C.D. Cal. June 27, 2011); *see also IndyMac Fed.*

*Bank, F.S.B. v. Ocampo*, No. 09-2337, 2010 WL 234828, at *2 (C.D. Cal. Jan. 13, 2010) (sua sponte remanding an action to state court for lack of subject matter jurisdiction where plaintiff's complaint contained only an unlawful detainer claim); *Galileo Fi. v. Miin Sun Park*, No. 09-1660, 2009 WL 3157411, at *1 (C.D. Cal. Sept. 24, 2009) ("Here, the complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law. Thus, from the face of the complaint, it is clear that no basis for federal question jurisdiction exists."). Additionally, the Complaint does not allege any other federal question, and any federal defense raised by Defendant is irrelevant with regard to jurisdiction. Therefore, the Court does not have jurisdiction over this case under § 1331.

The Court also notes that it does not have diversity jurisdiction over this action under 28 U.S.C. § 1332. Section 1332(a) provides that "the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs," and is between parties with diverse citizenship. 28 U.S.C. § 1332(a). For a federal court to exercise diversity jurisdiction, there must be "complete" diversity between the parties and the amount in controversy requirement must be met. 28 U.S.C. § 1332(a).

Plaintiff's Complaint in this matter suggests possible diversity of citizenship; however, it is apparent from the face of the Complaint that Defendants will be unable to prove that the amount in controversy exceeds $75,000.00, exclusive of attorney's fees and costs, because the demand in Plaintiff's Complaint does not exceed $10,000.00. Thus, diversity jurisdiction is lacking.

In light of the foregoing, the Court hereby **REMANDS** this case to the Los Angeles County Superior Court.  The Clerk of Court shall close this case.

**IT IS SO ORDERED.**

June 22, 2012

_____
**HON. OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**